CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability resulting from an occupational disease. He was employed as a fireman by the City of Natchitoches and alternated 24 hours on duty and 24 hours off. Plaintiff suffered a heart attack while he was off duty, attending to his personal cattle business. He does not seek to recover under the accidental injury provisions of the statute. Instead, he relies on Act 337 of 1968, which makes heart disease an occupational disease of firemen, under certain conditions. From an adverse judgment on the merits, plaintiff appealed.
There is little dispute as to the facts. The substantial issue is the construction of Act 337 of 1968, and in particular, whether it creates a presumption after five years employment that the occupational disease developed both (1) during the course of the employment and (2) as a result of the nature of the work performed. Plaintiff contends both presumptions are created by the 1968 statute. Defendant takes the position the only presumption under the stat- ' ute is that the heart disease developed during the course of the employment, and that plaintiff has the burden of proving the disease is a result of the nature of the work performed.
In addition to those stated above, the essential facts show that plaintiff was employed in the Classified Fire Service by the City of Natchitoches from 1959 until he suffered the heart attack in question on October 24, 1969. Following the attack, he was seen by Dr. David Henry, a general practitioner of Natchitoches, who diagnosed “acute myocardial infarction secondary to coronary occlusion.” This physician was the only expert medical witness. He testified that plaintiff has permanent heart damage and is disabled from working as a fireman. He also stated that plaintiff had heart disease pre-existing the accident. There is some dispute as to whether Dr. Henry expressed an opinion on the question of causal connection between the development of the heart disease and the nature of plaintiff’s work as a fireman. Our appreciation of his testimony is that he was simply unable to give an opinion one way or the other on this question.
LSA-R.S. 23:1031.1 provides benefits for disability caused by occupational diseases and defines them as follows:
“B. An occupational disease shall include only those diseases hereinafter list *558 ed when contracted by an employee in the course of his employment as a result of the nature of the work performed.”
(Then follows a list of specific diseases.)
Jurisprudence construing this statute makes it clear that an employee seeking to recover benefits for an occupational disease must prove both (1) that he contracted the disease during the course of his employment, i. e., during working hours, and (2)that the disease is the result of the nature of the work performed, Rawls v. Dixie Drilling Company, 161 So.2d 417 (3rd Cir. 1964—writ of certiorari refused) and the authorities cited therein.
Act No. 337 of 1968 amended the Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts, LSA-R.S. 33:2555, et seq., by adding the following provisions, LSA-R.S. 33:2581:
“Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the State of Louisiana shall be classified as a disease or infirmity connected with the employment. The employee affected, or his survivors, shall be entitled to all rights and benefits to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Siich disease or infirmity shall be presumed, prima fa-cie, to have developed during the employment whenever same is manifested at any time after the first five years of employment.” (Emphasis added)
There is no reported case construing the above statute. It is apparent that its general purpose is to make heart and lung disease an occupational disease as to firemen only. The last sentence provides that the disease “shall be presumed, prima fa-cie, to have developed during the employment whenever same is manifested at any time after the first five years of employment.” (Emphasis added) The extent of this presumption is the principal issue in the present case. Plaintiff contends the presumption is that the disease developed during the employment and also that it developed as a result of the nature of the work performed. We cannot agree.
The express language of the occupational disease provisions of the Workmen’s Compensation Act, LSA-R.S. 23:1031.1, subd. B, and the above cited jurisprudence construing these provisions, require the employee to prove (1) that the disease was contracted during the employment, i. e., during work time, and (2) that it was contracted as a result of the nature of the work performed. The only presumption created by our statute is that the disease developed during the employment. The employee must prove it resulted from the nature of the work performed.
Act 337 of 1968 is part of a trend to grant occupational disease coverage to firemen for respiratory and heart diseases. See 1A Larson, Workmen’s Compensation Law, Section 41.13 at pages 622.104-105, and cases from other states cited under the footnotes. The statutes adopted by the different states vary considerably in details as to coverage, conditions, exceptions, etc. In adopting our own version of these statutes, our legislature chose to restrict the presumption to development of the disease “during the employment” and did not extend the presumption to include development of the disease as a result of the nature of the work performed.
Under this construction of the statute, plaintiff cannot recover. Of course, he meets the requirement that he has served five years in the Classified Fire Service and therefore it is presumed that the pre-existing heart disease developed during the period of his employment. However, he must prove the heart disease developed as a result of the nature of his work as a fireman. It is clear he has failed tó meet this burden.
*559 Having reached this conclusion, it is unnecessary for us to consider defendant’s alternative but serious contention that plaintiff’s suit is barred since he did not make a claim for benefits within four months of the date that the occupational disease first manifested itself, LSA-R.S. 23:1031.1(C).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.