326 So.2d 401 (1975)
Arby J. VINCENT, Jr.
v.
CITY OF NEW ORLEANS.
No. 7042.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
Limited Rehearing Granted, December 9, 1975.
Original Opinion Affirmed On Limited Rehearing, February 6, 1976.
Writ Refused April 9, 1976.
*402 Dodd, Barker, Boudreaux, Lamy & Gardner, Harold J. Lamy, New Orleans, for plaintiff-appellee.
Blake G. Arata, Philip S. Brooks, City Attys., Jackson P. McNeely, Thomas P. Anzelmo, Sr., Asst. City Attys., New Orleans, for defendants-appellants.
Before STOULIG, BOUTALL and BEER, JJ.
BEER, Judge.
Plaintiff-appellee, Arby J. Vincent, claims workmen's compensation benefits for permanent and total disability alleging that his duties as a firefighter caused, aggravated or accelerated the cardio-vascular disease and angina pectoris which now prevents him from performing his duties. His unrefuted testimony indicates that he was originally employed by the New Orleans Fire Department on March 2, 1958 and was assigned to Engine House No. 9 located in the French Quarter. He remained at that assignment for approximately seven and one half years before being assigned to less arduous duties at New Orleans International Airport. His testimony and that of Lester F. Curreau, a co-employee, indicates that Engine House No. 9 was an extremely busy station with frequent alarms. Both men testified that they were usually called to at least one fire per day and that they were often involved in the extinguishing of mattress fires which, by their nature, subjected the firefighters to the probability of some smoke inhalation. These instances sometimes required the administration of oxygen to the affected firefighter. The duties associated with assignment to Engine House No. 9 were described by plaintiff as extremely physical and strenuous.
Apparently the first possible sign of any heart ailment suffered by plaintiff occurred about 1965, approximately seven years after the commencement of Vincent's service as a firefighter. This was originally diagnosed as chest congestion. The first diagnosis of angina pectoris was made in December, 1972.
The matter before us primarily concerns the extent of the protection afford by Act 337 of 1968 before its amendment by Act 30 of 1975.[1] It provides:
"Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the State of Louisiana shall be classified as a disease or infirmity connected with the employment. The employee affected, or his survivors, shall be entitled to all rights and benefits to which one suffering an occupational disease is entitled as service connected in *403 the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during the employment whenever same is manifested at any time after the first five years of employment."
In construing this provision, the trial court found that a fireman who experiences disabling heart disease after five years service as a firefighter, was, on these findings alone, entitled to be compensated under the Act. The trial court expressed disagreement with the interpretation placed upon the Act in Bates v. Bituminous Gas Corp., 266 So.2d 556 (La.App. 3rd Cir. 1972).
Act 337 of 1968 classifies any heart or lung disease that develops five years subsequent to commencement of employment as an occupational disease and expressly provides for presumption of development of the disease during employment. As noted in Bates, supra, this Act is consistent with a trend to provide occupational disease coverage to firemen for respiratory and heart diseases. We conclude, nevertheless, that the legislative intent was not to extend the protection created by the Act to the degree reached by the trial court.
We take note of those cases interpreting the occupational disease statute which provide that a workman suing under R.S. 23:1031.1 does not have to prove an accident, but only that the disease he suffers resulted from the nature of the work performed. LaCoste v. J. Ray McDermott, 250 La. 43, 193 So.2d 779 (1967); Rawls v. Dixie Drilling Co., 161 So.2d 417 (La.App.2nd Cir. 1964), writs refused, 246 La. 78, 163 So.2d 357.
However, when it enacted Act 337 of 1968, the legislature apparently chose not to track the pertinent language of R.S. 23:0131.1, but instead stated that heart disease "shall be classified as a disease or infirmity connected with the employment." We conclude, therefore, that the jurisprudence interpreting R.S. 23:1031.1 is not directly applicable.
By providing that the "disease is presumed prima facie, to have developed during the employment," the legislature did, we believe, effectively shift the burden of proof to the employer who became obliged to prove the lack of causation between the disease and the employment. This shifting of the burden of proof obviously imposes an onerous task upon the employer, but this was, we believe, intended by the legislature. Our reading of the statute convinces us that a rebuttable presumption exists that the nature of the work caused the disease. Accordingly, the employer bears the difficult burden of proving otherwise and unless affirmative proof is adduced to prove a lack of causation which is, admittedly, very difficult, then the presumption requires that the disabled fireman be entitled to coverage under the Act.
Dr. Jack P. Ruli testified that the work performed by plaintiff could have been an aggravating factor with respect to the heart disease that Vincent now suffers. He stated that there is a direct correlation between the physical and emotional stress of plaintiff's job and his acknowledged disability. Dr. Ruli was the only physician called to testify in this matter. The City of New Orleans did not produce any evidence to refute the conclusions of Dr. Ruli.[2] His testimony is clear and undisputed.
We conclude that defendant-appellant has failed to overcome the presumption of causal relationship between Vincent's job and the heart disease he now suffers from. Appellant's contention that *404 Vincent's concurrent employment in the often tense real estate business does not impress us as sufficient evidence to overcome the presumption.
Although the trial court's interpretation is somewhat in conflict with our own, we conclude that the language of the Act does not, on the facts of this case, grant the City of New Orleans the protection extended to the employer in Bates, supra.
The trial judge was correct in overruling defendant-appellant's plea of prescription under R.S. 23:1031.1(d). The City of New Orleans commenced payment of compensation benefits to plaintiff-appellee from the time he suffered a heart attack until his retirement on December 9, 1973. By filing suit for benefits on April 2, 1974, plaintiff-appellee was within the time allocated for the assertion of a claim for a work related injury.
Additionally, we believe the factual circumstances presented on appeal are governed by the dictates of the Supreme Court in LaCoste, supra, wherein the court declared:
"It is important to note, in construing the statute, that the four month period of peremption operates as a bar only to claims for `disablement.' An employee who is not disabled, although he knows he has contracted an occupational disease, is not required under a proper interpretation of the peremption provision to file his claim within four months of the date he was aware he contracted the disease. On the contrary, it is only when he becomes disabled that the disease manifests itself and the four month period runs from that time because, unless he is disabled, he has no cause of action for recovery of compensation. See Carlino v. United States Fidelity & Guaranty Company, 196 La. 400, 199 So. 228. If the peremptive provision is construed otherwise it leads to an absurdity as no claim for workmen's compensation is cognizable (save in the two cases to which we have hereinabove referred) unless and until the workman is disabled."
Vincent's disability effectively commenced on the date of his retirement. Under LaCoste, supra, he timely prosecuted his demand for benefits.
The judgment is affirmed at appellant's cost.
Affirmed.

ON APPLICATION FOR REHEARING
PER CURIAM.
Defendant-appellant, seeking a rehearing, urges various grounds for the unconstitutionality and/or inapplicability of LSA-R.S. 33:2581 which statute had formed the basis for this court's ruling in favor of plaintiff-appellee, Arby J. Vincent, Jr.
Defendant-appellant first contends that the statute applies only to employees of the "Classified Fire Service" as provided in Article XIV, Section 15.1 of the Constitution of 1921 and Article 10, Section 16 through 20 of the Constitution of 1974 although New Orleans firemen are covered by "City Civil Service" established by Article XIV, Section 15 of the Constitution of 1921 and Article 10, Section 1(B) of the Constitution of 1974. Thus, the issue of unconstitutionality of the statute sounding in a denial of equal protection is clearly raised. The statute indicates specific legislative determination of a direct correlation between heart and lung diseases and employment in the "Classified Fire Service." Under the argument advanced by applicant, firefighting by firemen in cities over a designated population would be statutorily protected against heart and lung diseases on a different basis than those who fight fires in cities under a designated population.
Appellant's second contention is concerned with the distinction between the terms "development" as used in the statutes and "causation" as adopted by this court in its *405 original opinion. They contend that our interpretation of "development" appears to include "causation" thus, creating a virtually irrebuttable presumption which effectively takes the scope of the act outside the narrower limitation provided for in the title of same under "development."
Applicant sets forth several additional contentions in support of its application which lack merit and are rejected. Therefore, our consideration is narrowed to the two contentions noted in the preceding paragraphs; specifically, the issue of "Classified Fire Service" versus "City Civil Service" and the issue of "development" versus "causation."
We believe that these two issues merit reconsideration and, accordingly, grant a rehearing limited to those issues.
Counsel for all parties shall have until December 20, 1975 to file supplemental briefs and the matter will, thereafter, either be set down for argument (if the court should determine that same is necessary) or decided on the present record, original briefs and those submitted in response to this ruling.
Limited rehearing granted.

ON LIMITED REHEARING GRANTED
Original judgment affirmed.
BEER, Judge.
We granted a limited rehearing on December 9, 1975 following our original affirmation on November 11, 1975. We now affirm our original judgment.
Appellant's contentions with respect to the issue of the constitutionality and/or inapplicability of LSA-R.S. 33:2581 has had our close scrutiny and we find those contentions to be without merit.
We adhere to our original determination regarding the failure of the defendant-appellant to overcome the rebuttable presumption of causal relationship between Vincent's employment as a firefighter and the heart disease which has disabled him.
Our reconsideration of this facet of the case was, essentially, prompted by our reaction to the weight of the burden that is cast upon the City by the force of the presumption in Vincent's favor. Though it is termed rebuttable it is, in fact, almost impossible to rebut. The City is placed in the difficult position of being obliged to prove a negativei. e., Vincent's heart disability could not have resulted from his service as a firefighter.
When we considered this burden coupled with the City's obvious pension obligations to Vincent because of his heart condition we became concerned that we might have misconstrued the applicable provisions of the statute since the overall effect placed the City in such a totally unsatisfactory position. But, upon painstaking re-examination, we must conclude that the statute cannot fairly be construed in any way other than as adhered to in our original opinion.
Affirmed.
NOTES
[1] The enactment of Act 30 of 1975 renders moot the effect of our decision in this matter as to those cases filed after its effective date by specifically providing that manifestation of a heart or lung disease after five years employment is presumed not only to have developed during employment, but also is presumed to have been caused by or to have resulted from the nature of the work performed.
[2] This is understandable since the statutory burden of proof imposed on the City in this instance essentially required it to prove a negativean almost impossible evidentiary task.