758 So.2d 269 (2000)
CITY OF JENNINGS
v.
Tommy R. DESHOTEL.
No. 99-1232.
Court of Appeal of Louisiana, Third Circuit.
February 2, 2000.
Writ Denied April 20, 2000.
*270 Christopher R. Philipp, Jamison & Philipp, Lafayette, LA, Counsel for Plaintiff/Appellant.
Kevin L. Camel, Cox, Cox & Filo, Lake Charles, LA, Counsel for Defendant/Appellee.
Court composed of Judge HENRY L. YELVERTON, Judge JIMMIE C. PETERS, Judge MARC T. AMY.
AMY, Judge.
The City of Jennings filed a claim with the Office of Workers' Compensation seeking a determination as to whether an employee's heart condition was work-related and, thus, compensable under workers' compensation. The employee answered and asserted a claim for unpaid medical bills relating to the treatment of the alleged heart condition as well as penalties and attorney's fees. The workers' compensation judge determined that the heart condition was work-related and granted the employee's demand for all medical bills arising out of treatment for the heart condition and assessed penalties and attorney's fees against the City. For the following reasons, we affirm.

Factual and Procedural Background
Thomas R. Deshotel has been employed with the City of Jennings Fire Department since 1966. He has been serving as chief of the fire department since 1986. In 1993, Deshotel began experiencing a sensation in his heart which he described as "skipping of a beat." On referral from his family physician, Deshotel met with Dr. Miguel Depuy, a cardiologist, on December 22, 1993. After initial evaluation and testing, Dr. Depuy determined that Deshotel was experiencing arrhythmia, more specifically, symptomatic premature ventricular and atrial heartbeats. Dr. Depuy prescribed a beta blocker to decrease the frequency of the premature beats, recommended a change in diet, and an annual stress test. From the date of the initial diagnosis, Deshotel has continuously taken the prescribed medication and received an annual stress test from Dr. Depuy.
Until October of 1997, the City, through its workers' compensation administrator, paid for Deshotel's treatment with Dr. Depuy. Thereafter, the City transferred all claims for payment of medical bills to the City's health and accident insurer. On February 6, 1998, the City filed a claim with the Office of Workers' Compensation (OWC) seeking a determination as to whether Deshotel's arrhythmia was related to any compensable accident or occupational disease which would entitle him to *271 payment under the workers' compensation laws. The City also sought reimbursement from Deshotel for payment of medical bills relating to the treatment of his heart condition. Deshotel answered and asserted a claim for unpaid medical bills and penalties and attorney's fees.
After a hearing on the merits, the workers' compensation judge determined that Deshotel's arrhythmia was work-related and compensable under workers' compensation. The workers' compensation judge found that La.R.S. 33:2581, commonly referred to as the Heart and Lung Act, establishes a prima facie presumption, in favor of a classified fireman, that a heart condition is work-related once he proves that he suffers from a heart disease or infirmity and that it has developed after the first five years of employment. The workers' compensation judge concluded that Deshotel had proved his entitlement to the presumption. Moreover, she determined that the City had not proved by affirmative evidence that Deshotel's employment could not have contributed to his heart condition and, accordingly, did not rebut the statutory presumption of causation. The workers' compensation judge rendered judgment in favor of Deshotel for payment of all medical treatment related to his heart condition and penalties and attorney's fees.
The City appeals from that ruling and asserts the following assignments of error:
1. The trial court committed manifest error when it determined that Deshotel suffered from a "disease or infirmity of the heart" which triggered the prima facie presumption provided by La. R.S. 32:2581.
2. The trial court committed manifest error and misinterpreted the law in finding that Jennings did not introduce sufficient evidence to rebut the prima facie presumption [of] causation provided by La. R.S. 32:2581.
3. The trial court committed manifest error in awarding penalties and attorney's fees for Jennings controversion of its liability for medical expenses where all of Deshotel's medical expenses had been paid for by Jennings (either as workers' compensation medical benefits or under the health and accident insurance which was fully funded by the City with no deductible amount to the employee).

Discussion of the Merits
"In a workers' compensation case, as in other cases, the appellate court's review is governed by the manifest error or clearly wrong standard." Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94); 630 So.2d 733, 737. Thus, we may not set aside the findings of fact of the workers' compensation judge, absent manifest error or unless they are clearly wrong. Id.
The Heart and Lung Act, La.R.S. 33:2581, states as follows:
Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.
Although the above provision is not specifically incorporated into the Workers' Compensation Act, La.R.S. 23:1021, et seq., the courts have held it applicable in workers' compensation cases. Meche v. City of *272 Crowley, 96-577 (La.App. 3 Cir. 2/12/97); 688 So.2d 697, writ denied, 97-0632 (La.4/25/97); 692 So.2d 1088. Once an employee's heart disease or infirmity is determined to have been caused by or resulted from work performed as per La. R.S. 33:2581, questions of compensation are then decided pursuant to the Workers' Compensation Act. Id. See Saling v. City of New Orleans, 398 So.2d 1205 (La.App. 4 Cir.), writ denied, 401 So.2d 986 (La.1981).

Heart Disease or Infirmity
First, the City asserts that the workers' compensation judge was manifestly erroneous in determining that arrhythmia is a disease or infirmity under La.R.S. 33:2581. The City contends that before Deshotel is entitled to the legal presumption of causation, he must first prove that he in fact suffers from a disease or infirmity of the heart, which, it argues, Deshotel has failed to prove. The City asserts in its brief to this court that, "[d]espite extensive testing, Dr. Depuy has never been able to find any evidence of a heart disease or a heart defect." However, the City does not deny that Dr. Depuy diagnosed Deshotel with having an arrhythmia.
Dr. Depuy explained Deshotel's heart condition during his deposition. While being questioned by the City, Dr. Depuy stated:
Q. Was this arrhythmia clinically significant enough to be categorized as heart disease or a heart defect?
A. I would use the term benign or malignant arrhythmia to put this in a better perspective. A malignant arrhythmia is an arrhythmia that is produced by a heart disease that is significant enough that it can kill you. It can put your life at risk. You can die with a malignant arrhythmia.
The arrhythmia that Mr. Deshotel has falls into the category of a benign arrhythmia meaning that he can live with that. It may make you uncomfortable, which appears to have been his case, so I did prescribe medication for that, called Sectral. And I started him on that in 1994.
La.R.S. 33:2581 expressly covers "any disease or infirmity of the heart[.]" Emphasis added. The City's argument that the arrhythmia suffered by Deshotel does not fall under the Heart and Lung Act because it is not a disease or defect is incomplete. The workers' compensation judge found the arrhythmia to be an infirmity of the heart covered by La.R.S. 33:2581. The City relies solely on the testimony of Dr. Depuy. Though, Dr. Depuy would not classify the arrhythmia as a heart disease, he does recognize the arrhythmia as a heart irregularity which should be monitored annually and treated with medication. Upon review of this evidence presented at the hearing, we find no clear error in the workers' compensation judge's factual determination that Deshotel's condition constitutes an infirmity. Therefore, we find this assignment of error without merit.

Burden of Proof
Next, the City asserts that the workers' compensation judge misinterpreted the law regarding the burden of proof necessary to rebut the prima facie presumption of causation set forth in La.R.S. 33:2581. The City argues that the jurisprudence interpreting the statutory presumption has made the prima facie presumption of causation more onerous than legally required. Therefore, the City argues, the workers' compensation judge erroneously relied on the jurisprudence and subjected it to a higher burden of proof.
As explained previously, La.R.S. 33:2581 mandates that a heart "disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment." Furthermore, *273 the employment does not have to be the sole cause of the disease or infirmity. Rather, it is sufficient under the act if the employment is a contributing, accelerating, or aggravating factor. Rothell v. City of Shreveport, 626 So.2d 763 (La.App. 2 Cir.1993)(citing Reid v. Gamb, Inc., 509 So.2d 995 (La.1987)), writ denied, 93-3191 (La.2/11/94); 634 So.2d 379.
La.Code Evid. art. 302(3) provides the following definition for "presumption":
A "presumption" is an inference created by legislation that the trier of fact must draw if it finds the existence of the predicate fact unless the trier of fact is persuaded by evidence of the nonexistence of the fact to be inferred. As used herein, it does not include a particular usage of the term "presumption" where the content, context, or history of the statute indicates an intention merely to authorize but not to require the trier of fact to draw an inference.
Something considered "prima facie," as is this statutory presumption, is defined, in part, as "a fact presumed to be true unless disproved by some evidence to the contrary." BLACK'S LAW DICTIONARY 825 (abr. 6th ed.1991).
In Meche, 96-577; 688 So.2d 697, a panel of this court referenced language found in Vincent v. City of New Orleans, 326 So.2d 401 (La.App. 4 Cir.1975), writ denied, 329 So.2d 760 (La.1976). Quoting that portion of Vincent addressing the rebuttable nature of the presumption, we stated:
By providing that the "disease is presumed prima facie, to have developed during the employment," the legislature did, we believe, effectively shift the burden of proof to the employer who became obliged to prove the lack of causation between the disease and the employment. This shifting of the burden of proof obviously imposes an onerous task upon the employer, but this was, we believe, intended by the legislature. Our reading of the statute convinces us that a rebuttable presumption exists that the nature of the work caused the disease. Accordingly, the employer bears the difficult burden of proving otherwise and unless affirmative proof is adduced to prove a lack of causation which is, admittedly, very difficult, then the presumption requires that the disabled fireman be entitled to coverage under the Act.
Meche, 96-577, p. 4; 688 So.2d at 699. Thus, as is apparent not only from the plain wording of the statute, but also from this jurisprudential language, the presumption is rebuttable upon the showing of affirmative evidence demonstrating a lack of causation.
The City argues that other language found in Vincent and referenced in subsequent jurisprudence, including Meche, incorrectly requires a more onerous demonstration of evidence that is typically required in rebuttal of a prima facie presumption. On limited rehearing, the fourth circuit observed that: "Though it is termed rebuttable it is, in fact, almost impossible to rebut. The City is placed in the difficult position of being obliged to prove a negativei.e., Vincent's heart disability could not have resulted from his service as a firefighter." Vincent, 326 So.2d at 405. In its brief, the City argues that courts have interpreted this language "to mean that the employer must conclusively establish some other cause of the employee's disease or infirmity of the heart (other than the employee's work)."
We find no merit in the City's argument in this regard. While the nature of the cases indeed makes an employer's burden a difficult one, the burden clearly remains the same, i.e., the employer must demonstrate a lack of causation and must do so with affirmative evidence. The nature of the conditions involved as well as the nature of a firefighter's work may, in many situations, render the burden difficult to meet. However, such a circumstance is not due to any jurisprudentially-created *274 presumption, it is, instead, related to the difficulty of providing affirmative evidence for a particular condition.
In the case sub judice, the only evidence offered by the City to rebut the presumption was the deposition testimony of Deshotel's treating cardiologist, Dr. Depuy, wherein he expressed that he could probably not testify to a reasonable degree of medical certainty that Deshotel's employment as a fireman caused his arrhythmia. Notwithstanding this conclusion, Dr. Depuy further explained that stimulants can bring about arrhythmia to a heart that is prone to this condition. Such a stimulant may come in the form of adrenaline which is released by glands in the body in the presence of stress. Further, Dr. Depuy stated if Deshotel was placed under the stress of responding to emergency fire situations, this "could certainly stimulate a premature heartbeat." Deshotel testified at the hearing that he feels an increase in the arrhythmia as he begins to calm down after an emergency situation. When questioned as to whether any medical studies had been conducted determining if exposure to smoke produced by burning buildings could cause arrhythmia, Dr. Depuy responded: "I don't believe that such a study has been carried out. But definitely, that is a situation that would stress your body overall. And if you have a heart condition, it will make it worse. I think there is no question about that."
Evidence indicating an inability to determine whether the employee's condition is work-related, as the workers' compensation judge was provided with in the instant matter, is not the type of affirmative evidence required. Furthermore, some of Dr. Depuy's testimony, as explained above, supports a finding that Deshotel's work may contribute to his condition. Based on the evidence submitted, we do not find error in the workers' compensation judge's conclusion that the employer did not sufficiently rebut the prima facie presumption of causation. Accordingly, we find this assignment without merit.

Attorney's Fees and Penalties
In its final assignment of error, the City asserts that the workers' compensation judge committed manifest error by assessing penalties and attorney's fees, when all of Deshotel's medical bills have been paid by the City either through its workers' compensation medical benefits or under the health and accident insurance which was fully funded by the City with no deductible amount paid by Deshotel. The City claims that it is entitled to a credit for those payments which have been paid by the health and accident insurance in accordance with La.R.S. 23:1212.
La.R.S. 23:1212 reads in part:
Payment by any person or entity, other than a direct payment by the employee, a relative or a friend of the employee, of medical expenses that are owed under this Chapter shall extinguish the claim against the employer or insurer for those medical expenses.
A panel of this court in Alford v. Acadian Ambulance Service, Inc., 96-639 (La.App. 3 Cir. 11/6/96); 682 So.2d 942, held that the extinguishment of a claim against the employer or insurer under La. R.S. 23:1212 is not a self-operative provision. In order for an employer or insurer to avail himself of the credit for payment, it must set forth the extinguishment of the claim as an affirmative defense and must prove the amount paid by submitting evidence at trial. Id. See Gentile v. Baton Rouge Medical Center. 95-0348 (La.App. 1 Cir. 11/9/95); 665 So.2d 422. This holding reflects the general principal that extinguishment of any obligation in any manner must be set forth affirmatively as a defense. Id. See also La.Code Civ.P. art. 1005.
After review of the record, we find that the City has failed to affirmatively plead the extinguishment of its obligation to pay the workers' compensation benefits allegedly owed Deshotel to the OWC. Although the parties stipulated at the hearing that certain medicals bills incurred by Deshotel *275 during treatment for his arrhythmia were paid by the City's health and accident insurance and the deductible was paid by the workers' compensation insurance, we find this general stipulation insufficient to prove entitlement to a credit under La. R.S. 23:1212.
However, even if the City arguably expanded the pleadings by the stipulation, the City's argument fails for another reason. The City, through its workers' compensation insurer, refused to pay or provide medical benefits as is required by La.R.S. 23:1201(E). It is of no moment that a different insurance ultimately provided the payment, that the employee had no out of pocket expenses, or that the underlying obligation for the expenses was extinguished. The evidence supports the finding that medical benefits remained unpaid under the laws of workers' compensation. Therefore, we find no error in the determination that the City failed to pay the bills bringing it under the penalty provision of La.R.S. 23:1201. Neither do we find clear error in the determination that the claim was not reasonably controverted.
Finally, in his brief to this court, Deshotel asserts that he is entitled to additional attorney's fees for the preparation of this appeal. A review of the record reveals that Deshotel has not answered this appeal to request additional attorney's fees as mandated by La.Code Civ.P. art. 2133.[1] Since Deshotel has not properly presented his claim to this court, we do not address this assertion further, nor grant any relief regarding this issue. Rideaux v. St. Landry School Bd., 97-1616 (La.App. 3 Cir. 4/8/98); 711 So.2d 819, writ denied, 98-1274 (La.6/26/98); 719 So.2d 1060.

DECREE
For the foregoing reasons, the judgment rendered by the Office of Workers' Compensation is affirmed. Costs associated with this appeal are assessed to the appellant, the City of Jennings.
AFFIRMED.
NOTES
[1] La.Code Civ.P. art. 2133 states:

A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an appellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court. If an appellee files such an answer, all other parties to the incidental demand may file similar answers within fifteen days of the appellee's action.
B. A party who does not seek modification, revision, or reversal of a judgment in an appellate court, including the supreme court, may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs.