Dear Mr. Stockstill:
You have requested this office to answer two questions regarding interpretation of R.S. 33:2581, R.S. 11:215 and R.S. 11:2258. First, you have asked if the phrase "all rights and benefits," found in R.S. 33:2581, excludes disability retirement benefits because it is situated in Chapter 5 of Title 33. Secondly, you have asked if the Firefighter's Retirement System (FRS) Board of Trustees should apply the presumptions created by R.S. 33:2581, to applications for disability retirement benefits pursuant to R.S. 11:215
and R.S. 11:2258.
In addressing the first issue it is important to determine what type of benefits could arise from a claim under R.S. 33:2581, also known as the fireman's heart-lung statute. The Second Circuit Court of Appeals stated: "although not part of the Worker's Compensation Act, Fireman's Heart and Lung statute is applicable to worker's compensation cases."McKenzie v. City of Bossier City, 585 So.2d 1229 (1991). "Once an employee's heart disease or infirmity is determined to have been caused by or resulted from work performed as per R.S. 33:2581, questions of compensation are then decided pursuant to the Workers' Compensation Act."City of Jennings v. Deshotel, 758 So.2d 269 (2000).
This does not necessarily mean that disability retirement benefits are excluded from "all rights and benefits" granted by R.S. 33:2581, but determines the nature of benefits the courts have granted. With regards to including disability retirement benefits, R.S. 33:2581 states: "the employee affected shall be entitled to all rights and benefits as granted by the law[s] to which one suffering an occupational disease is entitled
as service connected in the line of duty." If there are disability retirement benefits for those who suffered an occupational disease during service, then these benefits should be included in the phrase "all rights and benefits," and allowed under R.S. 33:2581.
Please note that workers' compensation benefits received through a claim under R.S. 33:2581 may exclude disability retirement benefits in some situations. For example, workers compensation "rights or benefits" under R.S. 33:2581 are different from retirement disability benefits, and may cause a reduction under R.S. 23:1225 (Reductions when other benefits payable), if both workers' compensation and disability retirement benefits co-exist.
Your second issue deals with the presumption created in R.S. 33:2581. The plain language of R.S. 33:2581 is unique in that it specifically creates a presumption that any disease or infirmity of the heart or lungs that developed during the period of employment of a firefighter, was caused by his work as a firefighter. The Fourth Circuit Court of Appeals tells us that:
 The Heart and Lung statute effectively shifts the burden of proof to the employer who must prove lack of causation between the disease and the employment. Unless affirmative proof is adduced to prove lack of causation the presumption requires that disabled fireman be entitled to coverage under the Act. M. Pfister v. City of New Orleans, 681 So.2d 426 (1996).
The plain language of R.S. 11:215 or R.S. 11:2258 does not include the same presumption found in R.S. 33:2581. The language of R.S. 11:215
reads to the contrary because it requires a member to get medically certified as disabled before they are entitled to benefits. R.S. 11:2258
also reads contrary to the presumption found in R.S. 33:2581 because "part B" of this statute requires certification by the State Medical Disability Board before members are eligible to receive benefits. The FRS board of trustees should not apply the presumption created in R.S. 33:2581
to applications for disability retirement benefits because the legislature included specific eligibility requirements within R.S. 11:215
and R.S. 11:2258.
Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI/CHB:mjb
Date Released: June 25, 2002