| TROY D. MAGEE (DECEASED)/WALLACE MAGEE AND CIARA CASTON FILEY | * | NO. 2024-CA-0747 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| | * | |
| VERSUS | | FOURTH CIRCUIT |
| | * | |
| CITY OF NEW ORLEANS FIRE DEPARTMENT | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
THE OFFICE OF WORKERS' COMPENSATION
NO. 16-03486, DISTRICT "08"
HONORABLE Catrice Johnson-Reid, The Office of Workers' Compensation
* * * * * *
**Chief Judge Roland L. Belsome**
* * * * * *

(Court composed of Chief Judge Roland L. Belsome, Judge Rosemary Ledet,
Judge Rachael D. Johnson)

Brian D. Calvit
LAW OFFICE OF BRIAN D. CALVIT
7920 Wrenwood Blvd.
Suite F
Baton Rouge, LA 70809

      COUNSEL FOR PLAINTIFF/APPELLEE

Christopher Marc Landry
Kyle C. Matthias
THE MONSON LAW FIRM, LLC
5 Sanctuary Boulevard, Suite 101
Mandeville, LA 70471

      COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED IN PART; REVERSED IN PART**
**MAY 6, 2025**

*RLB*
*RML*
*RDJ*

In this worker's compensation case, the City of New Orleans Fire Department ("NOFD") appeals the Office of Workers' Compensation's ("OWC") October 19, 2022 judgment, which found plaintiffs' claim under the Firefighter's Heart and Lung Act was compensable and awarded benefits plus penalties and attorney fees. The OWC's judgment is affirmed in part, reversed in part.

### *Procedural History and Factual Background*

In October 2014, Captain Troy Magee ("Captain Magee"), who had been employed as a Hazmat firefighter with the NOFD for 13 years, was in New Mexico attending a week-long firefighter training course.[1] On the final day of training, he became extremely ill and had to be transported by ambulance to the hospital. His medical condition worsened and required a helicopter transfer to another hospital's intensive care unit. Captain Magee was diagnosed with acute respiratory distress and multi focal pneumonia. He remained in intensive care for four days and later

---

[1] Captain Magee was attending a training course entitled Firefighter I—Hazardous Materials Technician. The training course began on Monday, October 20, 2014 and Captain Magee was paid his regular salary plus a per diem according the NOFD's answers to interrogatories.

1

died on October 27, 2014. Dr. Keith Hutchinson ("Dr. Hutchinson"), the critical care physician who treated Captain Magee, was present when he died and completed the discharge summary. Dr. Hutchinson listed the cause of death as "acute respiratory distress syndrome, secondary to influenza A, and H3/MRSA pneumonia."

In May 2016, Captain Magee's parents, Relda Anderson[2] and Wallace Magee (collectively "Claimants"), filed a disputed claim for compensation pursuant to the Firefighter's Heart and Lung Act, La. R.S. 33:2581. The matter was submitted for consideration on the merits, and on October 19, 2022, the OWC found Captain Magee's death was covered by the Act and awarded each claimant death benefits as provided under La. R.S. 23:1231(B)(3) in the amount of $75,000; medical and funeral expenses; penalties and attorney fees for failure to timely pay or reasonably controvert claims due for medical benefits and burial expenses; and costs incurred with legal interest.

On appeal, the NOFD contends the OWC erred in finding that Claimants are entitled to death benefits because the Act does not apply to Captain Magee's condition. The NOFD asserts that: (1) there is no evidence to show that Captain Magee's contraction of influenza and MRSA pneumonia was a disease or infirmity of the heart or lungs; and (2) the nature of Captain Magee's condition cannot be classified as an "occupational disease." The NOFD also claims that to the extent

---

[2] On or about April 2021, Relda Anderson died and Captain Magee's half-sister Ciara Caston Finley was appointed the succession representative for the Estate of Relda Anderson on September 21, 2021, and on October 15, 2021, Ms. Finley was substituted as the proper party plaintiff.

that the Act applies there is no evidence of any kind that Captain Magee had any underlying lung condition due to his service as a firefighter or that his being a firefighter caused, contributed to, accelerated, or aggravated his disease or infirmity. Finally, the NOFD argues that the trial court erred in awarding penalties and attorney fees.

### *Standard of Review*

In a workers' compensation case, the appellate court applies the manifest error/clearly wrong standard of review to OWC's factual findings. *Prevost v. City of New Orleans Fire Dep't*, 24-0115, p. 5 (La. App. 4 Cir. 10/1/24), 400 So.3d 1171, 1175. In order to reverse under the manifest error standard, the appellate court must find that a review of the record demonstrates there is no reasonable factual basis for the OWC's finding. *Id.*

### *Application of La. R.S. 33:2581*

In this case, the parties stipulated that Captain Magee had over five years of service with the NOFD prior to his illness and death in October 2014 and that Captain Magee's infirmity developed during his employment as a firefighter. The NOFD argues, however, that the Act does not apply because Captain Magee did not suffer a disease or infirmity of the lungs. According to the NOFD, "[e]ven though the final cause of death included pneumonia," the underlying infection that led to Captain Magee's contraction of pneumonia was a bacterial infection. The NOFD claims that because a bacterial infection is not inherently a disease or infirmity of the lungs the Act does not apply.

3

The Firefighter's Heart and Lung Act ("Act"), set forth in La. R.S. 33:2581, states:

> "**Any disease or infirmity of the heart and lungs** which develops during a period of employment in the classified fire service of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all rights and benefits as granted by the laws of the state of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. **Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment.**

(emphasis added).

The NOFD contends that to qualify under the Act, the claimant must prove that the underlying cause of the lung condition is itself a disease or infirmity of the lungs. We find the statute does not support such a reading.

Under the principles of statutory interpretation, "[w]hen a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La. C.C. art. 9. Additionally, "words of a law must be given their generally prevailing meaning." La. C.C. art. 11.

La. R.S. 33:2581 states that "**any** disease or infirmity of the heart and lungs" that develops during employment in the classified fire service is considered an occupational disease. (emphasis added). La. R.S. 33:2581 does not limit what qualifies as a disease or infirmity of the lungs. It also does not require proof that the underlying cause is itself a lung condition. Interpreting the statute to require proof that the underlying cause of the condition is itself a disease or infirmity of the lungs imposes an additional burden on the claimant that is not found in the

4

statutory language. Rather, La. R.S. 33:2581 provides a broad and unqualified presumption that any lung condition arising during employment is work-related. Therefore, a plain reading of La. R.S. 33:2581 intends that Claimants need only show that the condition that led to Captain Magee's death was a disease or infirmity of the lungs—not that its underlying cause meets a separate disease classification.

Dr. Hutchinson testified that Captain Magee "presented with respiratory failure due to a pulmonary cause," later identified as influenza A (H3) and MRSA pneumonia. He confirmed that these conditions were interrelated and that acute respiratory distress syndrome represents the most severe form of respiratory failure. The medical evidence and testimony establish that Captain Magee's primary causes of death, as listed in the discharge summary and death certificate, were all lung-related infirmities. Given Captain Magee had over five years of service with the classified fire service and contracted these fatal lung illnesses during his employment, La. R.S. 33:2581 applies. Therefore, we find no error in the OWC's finding that claimants are entitled to the presumption that Captain Magee's death was caused by or resulted from the nature of his employment.

### Rebuttable Presumption

Beneficiaries of the Act are afforded two presumptions: "(1) that [the firefighter's] heart or lung disease or infirmity developed during employment; and (2) that the disease or infirmity was caused by or resulted from the nature of his employment." *Amos v. Ouachita Parish Police Jury*, 43,289, p. 3 (La. App. 2 Cir. 6/18/08), 991 So.2d 102, 105 (citations omitted).

To rebut the presumption, the employer "must prove that the fire service 'did not precipitate, accelerate, aggravate, or otherwise cause or contribute to' the heart

condition." *Arsenaux v. City of New Orleans*, 98-1405, p. 5 (La. App. 4 Cir. 12/23/98), 729 So.2d 1056, 1059 (quoting *Pfister v. City of New Orleans*, 95-1750 (La. App. 4 Cir. 9/18/96), 681 So.2d 426, 430). "The employer 'is placed in the difficult position of being obliged to prove a negative,' which is that the heart [or lung]-related disease 'could not have resulted from his service as a firefighter.'" *Richards v. St. Bernard Parish Gov't*, 11-1724, p. 5 (La. App. 4 Cir. 5/2/12), 91 So.3d 524, 528 (quoting *Vincent v. City of New Orleans*, 326 So.2d 401, 405 (La. App. 4th Cir. 1975)).

Moreover, the Act does not require that a claimant's firefighting employment be the only cause of the disease or infirmity. It is sufficient that the employment contributed, accelerated, or aggravated the condition. *McMillan v. City of Monroe*, 47,700, p. 6 (La. App. 2 Cir. 1/16/13), 108 So.3d 869, 872-73. "[U]nless evidence rules out the proposition that work as a firefighter could not have contributed to or aggravated the disease, the presumption has not been rebutted." *Richards*, 11-1724, p. 7, 91 So.3d at 528-29.

In this case, the NOFD points to the expert reports of toxicologist and epidemiologist Dr. Allison Stock and forensic pathologist Dr. Marianna Sandomirsky. Dr. Stock opined that Captain Magee was at a greater risk of exposure to MRSA while visiting his mother during her treatments at the dialysis center. Dr. Sandomirsky also indicated that the primary risk factor for being a MRSA carrier and unfavorable outcomes was more related to Captain Magee being a diabetic than his employment as a firefighter.

"Medical testimony to the effect that a firefighter's employment probably did not contribute to a firefighter's lung disease, which is tempered by an acknowledgment that his employment cannot be ruled out as a contributing factor,

6

is not sufficient to rebut the Heart and Lung Act's presumption." *McClure v. City of Pineville*, 06-279, p. 10 (La. App. 3 Cir. 12/6/06), 944 So.2d 795, 802; *Richards*, 11-1724, p. 9, n. 4, 91 So.3d 524, 529-30; *Devall v. Baton Rouge Fire Dep't*, 07-0156, p. 9 (La. App. 1 Cir. 11/2/07), 979 So.2d 500, 505.

While both experts pointed to other risk factors outside Captain Magee's work as a firefighter, neither expert expressly ruled out the possibility that Captain Magee's occupation could have been a cause or contributing factor to his lung condition. In fact, Captain Magee's treating physician expressly acknowledged that possibility. Dr. Hutchinson testified that individuals in certain occupations, including firefighters, are more susceptible to contracting MRSA. He confirmed that as a firefighter, Captain Magee would have been subjected to smoke and fumes. Therefore, even if Captain Magee was exposed to MRSA at the dialysis clinic, it would not change his opinion that Captain Magee's work as a firefighter may have contributed to his death. Dr. Hutchinson also testified that he could not "rule out" Captain Magee's occupation as having contributed to or aggravated his lung condition. He agreed that it was "within the realm of possibility that his occupation as a firefighter may have been a contributing factor to [Captain Magee] developing this pulmonary condition that ultimately led to his death."

Considering the foregoing medical testimony, the OWC correctly concluded that the NOFD failed to carry its burden to show Captain Magee's service did not contribute to the development or progression of his lung infirmity.

### *Penalties and Attorney Fees*

In their final assignment of error, the NOFD argues that the award of penalties and attorney fees was improper. Pursuant to La. R.S. 23:1201, the OWC awarded each claimant: (1) $2,000.00 in penalties and $5,000.00 in attorney fees

for "failure to timely pay and[/]or reasonably controvert claims due for medical benefits;" and (2) $2,000.00 in penalties and $5,000.00 in attorney fees for "failure to timely pay and[/]or reasonably controvert claims due for burial expenses."

The decision to impose penalties and fees is a factual determination subject to the manifest error/clearly wrong standard of review. *Lentz v. City of New Orleans, Police Dep't*, 22-0500, p. 9 (La. App. 4 Cir. 12/15/22), 353 So.3d 1060, 1067. The Louisiana Supreme Court has recognized that such awards in workers' compensation cases serve a penal function, designed to "discourage indifference and undesirable conduct by employers and insurers." *Williams v. Rush Masonry, Inc.*, 98-2271 (La. 6/29/99), 737 So.2d 41, 46 (citations omitted). "Although the Worker's Compensation Act is to be liberally construed in regard to benefits, penal statutes are to be strictly construed." *Id.* An employer's conduct is deemed arbitrary and capricious when it "consists of willful and unreasoning action, without consideration and regard for facts and circumstances presented, or of seemingly unfounded motivation." *Brown v. Texas-LA Cartage, Inc.*, 98-1063, p. 8-9 (La. 12/1/98), 721 So.2d 885, 890.

In this case, an award of penalties and attorney fees pursuant to La. R.S. 23:1201 is not warranted. The NOFD's position was not the result of arbitrary or capricious conduct but rather a reasonable attempt to investigate Captain Magee's cause of death and assess liability. Therefore, we reverse the OWC's award of penalties and attorney fees.

### *Conclusion*

The record supports the OWC's conclusion that the NOFD failed to rebut the presumption under La. R.S. 33:2581. Therefore, we find no manifest error in the OWC's determination that Captain Magee's lung infirmity that caused his

death was compensable under Workers' Compensation Act. However, it was clear error to award penalties and attorney fees. For these reasons, the OWC's October 19, 2022 judgment is affirmed in part and reversed in part.

**AFFIRMED IN PART; REVERSED IN PART**