JAMES SCHEXNAYDER

VERSUS

JEFFERSON PARISH FIRE DEPARTMENT

NO. 22-CA-315

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION,
DISTRICT 7, STATE OF LOUISIANA
NO. 21-2567
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING


March 01, 2023


**FREDERICKA HOMBERG WICKER**
**JUDGE**


Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.


**JUDGMENT REVERSED; REMANDED**
    **FHW**
    **SMC**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JAMES SCHEXNAYDER
    William R. Mustian, III

COUNSEL FOR DEFENDANT/APPELLEE,
JEFFERSON PARISH FIRE DEPARTMENT
    Michael F. Nolan

**WICKER, J.**

In this worker's compensation proceeding, claimant appeals the Office of Worker's Compensation's (OWC's) March 25, 2022 judgment dismissing his claim for worker's compensation benefits related to his diagnosis of lymphoma under La. R.S. 33:2011. At issue in this appeal is whether defendant-employer presented sufficient evidence to rebut the presumption under La. R.S. 33:2011 that claimant's diagnosis of a rare form of lymphoma is an occupational disease under the statute. For the following reasons, we find that the OWC judge erred in dismissing claimant's petition and we reverse the judgment appealed.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2021, Claimant, a Jefferson Parish firefighter, filed a 1008 form seeking worker's compensation benefits for an alleged service-connected occupational disease as set forth under La. R.S. 33:2011, the Cancer Act, related to his May 28, 2020 lymphoma diagnosis. On July 19, 2021, the Parish filed an Answer to the disputed claim, contending that the undisputed medical evidence demonstrates that claimant's medical diagnosis is a rare form of lymphoma not caused by his employment but rather by the Epstein-Barr virus and is, thus, not a compensable occupational disease.

On March 21, 2022, the parties entered into a written stipulation that the applicable compensation rate for claimant's claim is $688 per week; that claimant missed 120 days of work while being treated for lymphoma; that claimant's insurer, through his spouse's employment, has paid 75% of his related medical expenses and claimant's spouse has paid 25% of his related medical expenses; and that CCMSI (the third-party administrator) has not received any 1010 forms requesting authorization for medical treatment from claimant.

The matter proceeded to trial on February 23, 2022. At trial, claimant, James Schexnayder, testified that he is a firefighter with the Jefferson Parish Fire

Department and has been employed for 31½ years and remained actively employed as a firefighter at the time of trial. Claimant testified that he had been diagnosed with lymphoma and that his local treating oncologist, Dr. Brian Bienvenu, referred him to MD Anderson for a specific cancer diagnosis. At MD Anderson, claimant treated with Dr. Ranjit Nair. He further treated locally with Dr. Ashley Mayes.

Claimant testified that he still returns to MD Anderson and his local oncologist for follow-ups, PET scans, and bloodwork. He testified that he misses 1-2 days of work for each follow-up visit. He further testified that he recently underwent nasal surgery related to his cancer diagnosis. He testified that his initial treatment and radiation caused him to miss work from May or June of 2020 until he was discharged to return to work on September 25, 2020. He testified that he used personal leave, sick leave, and Covid administrative leave due to his compromised immune system during his treatment and that he was paid throughout his entire leave.

At trial, the Parish introduced into evidence questionnaires completed by local oncologists Dr. Ashley Mayes and Dr. Brian Bienvenu. The questionnaires submitted to Dr. Mayes and Bienvenu questioned "In your professional medical opinion, was Mr. Schexnayder's diagnosis of Lymphoma caused by his employment with the fire department?", to which both doctors responded "No." In a second question, Dr. Mayes and Dr. Bienvenu were asked, "what do you relate the cause of this diagnosis to?" to which both doctors responded "unknown." A second questionnaire was subsequently submitted asking, "[a]re you able to state in your medical opinion that more probable than not, Mr. Schexnayder's lymphoma could not have been caused by his employment with the Fire Department?", to which both doctors responded, "Yes."

An identical questionnaire was submitted to claimant's treating physician with MD Anderson, Dr. Ranjit Nair, and introduced into evidence. Dr. Nair

similarly responded that he was "able to state that more probable than not, Mr. Schexnayder's lymphoma could not have been caused by his employment with the Fire Department." When questioned "what do you relate the cause of his diagnosis to," Dr. Nair responded, "This is a lymphoma [sic] related to EBV virus and can be triggered by immunosuppression, the cause of which is multifactorial."

The Parish also introduced the deposition testimony of Dr. Mayes and Dr. Bienvenu. Dr. Mayes testified that she is a head and neck surgical oncologist. She testified that claimant presented to her office in 2020 with a neck mass. A biopsy revealed that claimant had a lymphoma that was likely of a sinonasal source. Claimant elected to treat at MD Anderson and, thus, she did not treat him for his cancer. Rather, Dr. Mayes treated claimant after his radiation treatment for standard side effects of chemoradiation, such as nasal crusting.

Dr. Mayes testified claimant has a fairly rare form of lymphoma that is "most highly associated with Epstein-Barr" virus. While she cannot say that it is "impossible" that claimant's employment was a causative factor in his diagnosis, she found it "unlikely." She further testified that the rare type of lymphoma that claimant has been diagnosed with "is not affiliated with exposure" to chemicals. She testified that she agreed with Dr. Nair's assessment that "this is a lymphoma related to EBV virus and can be triggered by immunosuppression."

The Parish also introduced the deposition of Dr. Brian Bienvenu, an oncologist at Louisiana Hematology Oncology Associates. He testified that he specializes in cancers of the head and neck. He testified that he treated claimant for a neck mass that was biopsied and revealed "an NKT lymphoma, which is a quite rare lymphoma." He further testified that "NKT lymphomas are typically related to Epstein-Barr virus. And the only information I know of in the literature is that there is some slight increased risk for exposure to farming chemicals in Asia. As to what causes it in the United States, where it's uncommon, there isn't

any clear information, other than some interplay with EBV exposure. He further agreed with Dr. Nair's assessment that this rare lymphoma is Epstein-Barr Virus related. On cross-examination, he clarified that he cannot say with 100% certainty that claimant's lymphoma is not related to his employment. He explained that "in the world of medicine…it's hard to say that anything is a hundred percent impossible." Rather, he testified that it is "more probable than not [the lymphoma] is not related" to claimant's employment exposure.

Plaintiff introduced the deposition testimony of Dr. Marc Matrana, an oncologist with

Hospital who evaluated claimant as a second medical opinion (SMO) physician retained by the Parish. Dr. Matrana testified that there is substantial medical literature indicating an increased risk of non-Hodgkin's lymphoma in firefighters in general. He concluded after his research that plaintiff's occupation may have increased his risk for lymphoma.

Dr. Matrana responded to a July 14, 2021 questionnaire, asking if he agreed with Dr. Bienvenu's and Dr. Mayes' opinion that claimant's employment could not have contributed to his lymphoma diagnosis, and he responded:

> "No…. According to the patient he is a 31-year long veteran of the fire department, providing for decades of exposure to potential carcinogenic substances during the course of his daily work. He has no significant family history of cancer and was never a smoker. The location of his lymphoma in the nasal cavity, certainly suggest it may be associated with prolonged inhalation of carcinogens. As above, numerous studies now suggest an increased risk of lymphoma in firefighters."

Plaintiff introduced into evidence an email from Dr. Matrana to Cynthia Childers on July 16, 2021, in which Dr. Matrana opined:

> "I did see that his cancer was EBV positive. I definitely agree that his cancer is likely linked to this virus, but it is more complicated than that. See the attached article "Viruses, chemicals and cocarcinogenesis" which details how cancers are caused by multiple factors. His decades of exposure as a firefighter may certainly have increased his risk of developing this virally associated disease."

In his deposition, Dr. Matrana testified concerning this publication and stated that "certainly the viral infection is associated with the development of his cancer, but his exposure to carcinogens probably also plays a role" as like most cancers, non-Hodgkin's lymphoma is likely multifactorial. He testified that there is medical research to suggest that certain carcinogens, such as PCBs and certain pesticides, work together with the EBV virus to cause Non-Hodgkin's lymphoma.

Although the Parish provided no information to the physicians in this case concerning the type of possible carcinogens to which plaintiff may have been exposed over a thirty-year time period, Dr. Matrana testified that medical studies reflect that firefighters in Eastern Siberia have been exposed to PCBs through their employment. He further testified that although the research names certain PCBs and pesticides as carcinogens known to work with the EBV virus to cause Non-Hodgkin's lymphoma, he clarified that the article does not limit its findings only to those examples of carcinogens.

Plaintiff also introduced into evidence the deposition of Lori Francis, a senior claims representative/adjuster with CCMSI (the third-party claims administrator for the Parish). She verified that Dr. Matrana was selected as a second medical opinion physician by CCMSI, and further agreed that his opinions were the only opinions that referenced specific medical literature for review. She also testified that she does not believe that the Parish provided any of the physicians with any factual information as to what kinds of substances or toxins Jefferson Parish firefighters, over the span of the last 30 years or currently, may be exposed to in the workplace.

On March 25, 2022, the OWC issued a judgment, finding that claimant worked for the Jefferson Parish Fire Department for approximately 31 years and that claimant developed "extra nodal T cell lymphoma, EBV positive, nasal type"

lymphoma during his employment with the Jefferson Parish Fire Department. The OWC judge further found that claimant is entitled to the rebuttable presumption under La. R.S. 33:2011(8) that his lymphoma was caused by or resulted from the nature of the work, but determined that the Parish presented "medical evidence meeting judicial standards to rebut the presumption" that claimant's lymphoma was caused by his employment. The judge rendered judgment in the Parish's favor and dismissed claimant's 1008 petition with prejudice.

Claimant has appealed the March 25, 2022 judgment, contending that defendant-employer, the Jefferson Parish Fire Department, has failed to rebut the statutory presumption under La. R.S. 33:2011.

**LAW AND ANALYSIS**

At issue in this appeal is the interpretation and application of the statutory presumption under La. R.S. 33:2011, the Cancer Act, which provides that when a firefighter in classified service and employed more than ten years has developed cancer, the cancer shall be classified as an occupational disease for which he or she is entitled to certain worker's compensation benefits. The presumption is rebuttable by evidence meeting judicial standards.

La. R.S. 33:2011, in pertinent part, provides:

> A. (1) Because of exposure to heat, smoke, and fumes or carcinogenic, poisonous, toxic, or chemical substances, when a firefighter in the classified service who has completed ten or more years of service has developed cancer, the cancer shall be classified as an occupational disease or infirmity connected with the duties of a firefighter. The disease or infirmity shall be presumed to have been caused by or to have resulted from the work performed. This presumption shall be rebuttable by evidence meeting judicial standards.

> * * *

> B. The cancer referred to in Subsection A of this Section shall be limited to the types of cancer which may be caused by exposure to heat, smoke, radiation, or a known or suspected carcinogen as defined by the International Agency for Research on Cancer. The cancer shall also be limited to a cancer originating in the bladder, brain, colon, liver,

pancreas, skin, kidney, or gastrointestinal or reproductive tract, and leukemia, lymphoma, multiple myeloma, prostate cancer, and testicular cancer, or any other type of cancer, due to occupational exposure, for which firefighters are determined to have a statistically significant increased risk over that of the general population.

La. R.S. 33:2011.

The Act embodies the social policy of the state which recognizes that firemen are subjected during their career to the hazards of smoke, heat, and nauseous fumes from all kinds of toxic chemicals. *Middlebrooks v. City of Bastrop*, 51,073 (La. App. 2 Cir. 1/11/17), 211 So.3d 1231, 1233, *writ denied sub nom. Middlebrooks o/b/o Middlebrooks v. City of Bastrop*, 17-0286 (La. 5/1/17), 219 So.3d 331 (quotations omitted). The legislature recognized that this exposure could cause a fireman to become the victim of cancer and the presumption relieves the claimant from the necessity of proving an occupational causation of the disease. *Middlebrooks*, 219 So.3d at 331.

There is little jurisprudence discussing the burden of proof in a worker's compensation proceeding seeking benefits under the Cancer Act. However, La. R.S. 33:2581, the Heart and Lung Act, involves a similar presumption in favor of firemen who develop a disease or infirmity of the heart or lungs after having been employed as a fireman for more than five years. We look to jurisprudence discussing the burden of proof as to Heart and Lung Act cases for guidance in determining the burden of proof under Cancer Act cases. See *Middlebrooks*, 211 So.3d at 1234. This Court, in considering a Heart and Lung Act case, has held that, "[o]nce a claimant establishes that a covered disease or infirmity is at issue, and the presumption applies, the burden shifts to the employer to prove that the disease or infirmity was not caused by the firefighter's employment. *Bacon v. Jefferson Par. Fire Dep't*, 22-510 (La. App. 5 Cir. 12/19/22).

Further, the First, Second, Third, and Fourth Circuits have held that to meet a defendant-employer's burden to rebut the presumption and prove that the disease

was not caused by the firefighter's employment, the medical evidence presented cannot demonstrate that the employment was a "contributing, accelerating, or aggravating factor" in the causation of the disease. See *Miley v. Bogalusa Fire Dep't*, 14-1113 (La. App. 1 Cir. 3/6/15), 166 So.3d 319, 323 (holding that an employer must prove that "the employment did not in any way precipitate, accelerate, aggravate, or otherwise cause or contribute to the heart condition."); *Middlebrooks,* 211 So.3d at 1235 (finding that the medical evidence presented must show "that the employment did *not* precipitate, accelerate, aggravate, or otherwise cause or contribute" to the condition.)(emphasis in original); *Olivier v. City of Eunice*, 11-1054 (La. App. 3 Cir. 6/6/12), 92 So.3d 630, 635, *writ denied*, 12-1570 (La. 10/12/12), 98 So.3d 874 (finding that the employer "could not rule out that firefighting contributed to, accelerated, or aggravated [the condition]."); and *Richards v. St. Bernard Par. Gov't*, 11-1724 (La. App. 4 Cir. 5/2/12), 91 So.3d 524, 530, *writ denied,* 12-1203 (La. 9/21/12), 98 So.3d 340 (holding that medical evidence that cannot rule out that employment "contributed to or aggravated" the condition "is not affirmative evidence sufficient to rebut the Act's presumption.").[1]

Further, medical opinions tempered by acknowledgments, agreements, or concessions that the work may have been a cause, even though remote, or possibly a contributing factor of the disease, or which is otherwise equivocal, is not affirmative evidence sufficient to overcome the Act's presumption. *Richards*, 91 So.3d at 530. Moreover, evidence that the employment did not contribute to a claimant's condition is insufficient to overcome the Act's presumption when the

---

[1] Defendant points to the *Gilliland* case for the proposition that the OWC judge may discount an expert's opinion that presents evidence that the employment may have accelerated, aggravated, contributed to, or caused the condition if conflicting circumstantial evidence is also presented. However, in the application of a statutory presumption for a firefighter employed more than thirty years in the profession and considering that the presumption is relevant because the causes of cancer are multifactorial and complicated, we disagree. We further point out that the claimant in *Gilliland* was diagnosed with his cancer after his retirement, and was paid 333 weeks of supplemental earnings benefits related to his condition. The court recognized that "the majority of reported cases do not involve the manifestation of the disease after the termination of work." *Gilliland v. City of Monroe*, 42,458 (La. App. 2 Cir. 10/10/07), 968 So.2d 270, 274, *writ denied*, 07-2476 (La. 3/7/08), 977 So.2d 908.

medical evidence presented also demonstrates that the cause of the firefighter's condition was "unknown." *See Meche v. City of Crowley Fire Dept.,* 96–577 La. App. 3 Cir. 2/12/97, 688 So.2d 697, 702, *writ denied*, 97-0632 (La. 4/25/97), 692 So.2d 1088. Therefore, a claimant is not required to prove that the employment was the *sole* cause of the injury or disease, so long as it is shown to be a contributing, accelerating, or aggravating factor. *Miley*, 166 So.3d at 323.

In this case, it is undisputed that claimant has been employed in the classified service as a firefighter for the Jefferson Parish Fire Department for more than 31 years and is still employed as a professional firefighter with the Parish and actively fighting fires today. Therefore, he is clearly entitled to the presumption set forth in the Cancer Act.

Upon review of all evidence presented at trial, we find that the Parish did not rebut the presumption sufficiently to dismiss claimant's petition. Although the Parish put forth evidence to demonstrate that the type of lymphoma claimant has been diagnosed with is generally caused by the EBV virus, the claimant presented evidence that such a diagnosis is multifactorial and that the etiology is complicated. The evidence claimant introduced clearly demonstrated that claimant's employment could not be ruled out as a contributing factor to his disease. Although Dr. Bienvenu and Dr. Mayes responded to a questionnaire that the diagnosis is more probable than not associated with the EBV virus and not claimant's employment, they further responded that the "Cause" of the lymphoma is "unknown." Dr. Matrana's response considered the fact that the lymphoma is a rare nasal lymphoma typically associated with the EBV virus, but still maintained that while the EBV virus is clearly a causative factor, claimant's exposure to various carcinogens over a thirty-year time span through his employment cannot be ruled out as a causative factor for the disease.

We find the evidence presented at trial could not rule out that claimant's more than 30-year employment actively fighting fires could not have contributed to his diagnoses of lymphoma in this case. Consequently, we find the OWJ was clearly erroneous in dismissing claimant's 1008.

On appeal, claimant further seeks reimbursement for his portion of the medical expenses paid, through his spouse's employer's insurance. We find claimant is entitled to reimbursement as outlined under La. R.S. 33:2011, subject to the set off set forth in La. R.S. 23:1212.

**DECREE**

Accordingly, for the reasons provided herein, we reverse the OWC's judgment and remand this matter to the OWC to determine the proper calculation of benefits due to claimant.[2]

**JUDGMENT REVERSED;**
**REMANDED**

---

[2] Claimant further seeks penalties under La. R.S. 23:1201(F). Under the facts of this case, we decline to assess penalties against the Parish or award attorney fees in this case.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MARCH 1, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-315**

**E-NOTIFIED**
OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
WILLIAM R. MUSTIAN, III (APPELLANT)          MICHAEL F. NOLAN (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED